Duty 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-92-606-CV





PEGGY SCOTT DUTY AND THE ESTATE OF TONY DUTY,



 APPELLANTS


vs.





TEXAS STATE LIBRARY AND ARCHIVES COMMISSION,



 APPELLEE



 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT



NO. 485,859, HONORABLE JOE B. DIBRELL, JR., JUDGE PRESIDING



 





 This is an appeal of a summary judgment in a replevin and declaratory judgment
action involving the ownership of twenty-one Texas historical documents. Appellee, the Texas
State Library and Archives Commission ("the Library"), filed suit against appellants Peggy Scott
Duty ("Duty") and the estate of Tony E. Duty ("the estate") to determine ownership of the
documents. (1) The trial court granted summary judgment in favor of the Library, ruling that "the
State of Texas has an absolute right to the possession of the documents." Duty and the estate
appeal. We will reverse the judgment and remand the cause to the trial court for further
proceedings.



BACKGROUND



 Tony E. Duty of Waco, Texas, was an avid collector of Texana. He collected
books, historical documents, stamps, guns, and other items related to the history of Texas. After
Mr. Duty's death, his widow Peggy Scott Duty arranged to have her late husband's autograph and
book collection sold at auction. The auction was to have been held on February 10-12, 1990, by
Tom Keilman and Son.

 After reading advertisements for the auction, Library officials suspected that over
forty of the documents in the collection had been stolen from the Library collection. Among these
were the twenty-one documents that are the focus of this suit. The twenty-one documents date
back to the 1830s, when Texas was an independent sovereign republic. Many contain the
signatures of famous figures from Texas history such as Stephen F. Austin, Sam Houston, and
William Barret Travis. The documents are of various types, mostly redeemed drafts and
promissory notes for goods and services provided to the government, letters written by civil and
military leaders in their official capacities, and petitions from citizens seeking political
appointments.

 Duty refused to surrender any of the documents to the Library. However, Duty
and the estate did agree with the Library to withdraw the twenty-one documents from the auction,
and "not to sell or otherwise transfer ownership of these documents until the [Library] consents
to such a transfer or the [Library's] claims of entitlement to the documents are finally resolved." 
In return, the Library agreed to relinquish claims to all but twenty-one of the documents to be
auctioned.

 The Library filed suit against Duty and the estate for declaratory judgment and
replevin on June 15, 1990. On May 28, 1992, the Library filed a motion for summary judgment,
relying upon provisions of the Government Code that provide for the retention of state records
and documents of historical significance. Section 441.010(a) of the Government Code, in
pertinent part, provides that "[a] book, picture, document, publication, or manuscript received
through gift, purchase, or exchange or on deposit, from any source, for the use of the state, . .
. constitutes part of the state library and shall be placed in the state library for use by the public." 
Tex. Gov't Code Ann. § 441.010(a) (West 1990) (emphasis added). The Library also relied upon
subpart b of the section:



A book or paper, including a picture, map, document, manuscript, memorandum,
or data, that relates to the history of Texas as a province, colony, republic, or state
and that is delivered to the director and librarian by an officer or other person, in
accordance with law, is considered a book or paper of the state library and
constitutes a part of the archives of the state library.



Tex. Gov't Code Ann. § 441.010(b) (West 1990) (emphasis added). The Library argued that
these provisions established as a matter of law that the documents were Library property.

 The Library supported its motion for summary judgment with the affidavits of
Willliam D. Gooch, the Library Director and State Librarian, and Michael R. Green, the
Reference Archivist at the State Archives Division of the Texas State Library and Archives
Commission. Green's affidavit addressed each document individually, noting when library
records indicated that the document had once been part of the Library's collection or when the
document was a public record that should have been deposited with the Library. In response to
the Libary's summary judgment motion, Duty argued that fact issues remained because the affiants
did not have personal knowledge that the documents had actually been in the archives; the affiants
had seen only secondary evidence that the documents had once been in the archives.

 The trial court granted the Library's motion for summary judgment on October 26,
1992, determining as a matter of law that "the State of Texas has an absolute right to the
possession of the documents." Duty and the estate appeal.



DISCUSSION


 In their fifth point of error, Duty and the estate contend that the trial court erred
by granting the Library's motion for summary judgment because there were genuine issues of
material fact as to whether the documents were owned by the Library. The standards for
reviewing a motion for summary judgment are well-settled: (1) The movant for summary
judgment has the burden of showing that no genuine issue of material fact exists and that she is
entitled to it as a matter of law; (2) in deciding whether there is a disputed material fact issue
precluding summary judgment, evidence favorable to the nonmovant will be taken as true; and
(3) every reasonable inference must be indulged in favor of the nonmovant and any doubts
resolved in her favor. Nixon v. Mr. Property Management Co., 690 S.W.2d 546, 548-49 (Tex.
1985).

 We agree with Duty and the estate that the Library failed to establish that no fact
issues exist regarding ownership of the documents. The strength of the evidence supporting the
Library's ownership of the documents varies. The Library makes the strongest case for ownership
of a letter from Stephen F. Austin to the Secretary of the Treasury Henry Smith, dated December
17, 1836. There is a record of this letter having been received by a predecessor of the Library
and later noted in an item-level inventory, though the date of this inventory is unclear. The letter
was no longer in the Archives by 1955, when Seymore V. Connor was unable to find it while
preparing Texas Treasury Papers, Letters Received in the Treasury Department of the Republic
of Texas, 1836-1844. The Library asserts that because a search of their records found no record
that the Library had transfered ownership of the document, the Library still owns the document. 
The Library cites section 441.035 of the Government Code, which provides that the Library may
transfer, destroy, or otherwise dispose of a record only with the agreement of the comptroller,
state auditor, and attorney general along with the director and librarian of the Library. Tex.
Gov't Code Ann. § 441.035 (West 1990).

 The Library's argument fails to remove all genuine issues of material fact regarding
ownership. The predecessor of section 441.035 was enacted in 1947. Act of June 2, 1947, 50th
Leg., R.S., ch. 403, § 1, 1947 Tex. Gen. Laws 945, 946 (Tex. Ann. Civ. St., art. 5441a, since
amended). Thus, prior to 1947, no statute established a procedure for the transfer of ownership
of the Library's contents. A fact issue remains whether, at some time during the period between
when the document was received and when this statutory procedure was adopted, a Library
official transferred ownership of the letter to a private citizen.

 The Library's claims of ownership of the other documents are much less compelling
and, therefore, also inappropriate for resolution by summary judgment. Many are essentially
cancelled checks. The documents indicate that the Republic of Texas owed various individuals
money for goods or services they provided to the Republic and that the individuals presented their
claims and were paid by the Republic. The Library argues that once redeemed, the drafts became
property of the Republic of Texas, and would have been deposited with the predecessor of the
Library. The Library has failed to demonstrate that no fact issues remain concerning the
ownership of what amount to one-hundred-fifty-year-old cancelled checks. Because fact issues
remain that bear on the ownership of these and the other documents claimed by the Library, we
sustain appellants' fifth point of error. Since we sustain appellants' fifth point of error, we do not
address appellant's remaining points of error.

 We reverse the judgment of the trial court and remand the cause to the district court
for a trial on the merits.



 

 Mack Kidd, Justice

Before Chief Justice Carroll, Justices Kidd and B. A. Smith

Reversed and Remanded

Filed: November 3, 1993

Do Not Publish

1.   Tom Keilman and Son, the auctioneers, were also defendants but do not appeal the
summary judgment.